```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

FRANK and ANGELA MANCUSO,          )
individually and as next of kin    )
of ANNA REBECCA MANCUSO, a         )
deceased minor child,              )
                                   )
     Plaintiffs,                   )
                                   )  No. 3:05-0562
v.                                 )  JUDGE ECHOLS
                                   )
SHERRY S. CRUISE, individually     )
and d/b/a MS. SHERRY'S GROUP       )
DAYCARE HOME,                      )
                                   )
     Defendant.                    )

## MEMORANDUM

Pending before the Court is the Motion to Dismiss (Docket Entry No. 19), for lack of diversity jurisdiction under Federal Rule of Civil Procedure 12(b)(1) filed by Sherry S. Cruise, individually and d/b/a Ms. Sherry's Group Daycare Home ("Defendant"), to which Frank and Angela Mancuso, individually and as next of kin of their deceased minor child, Anna Rebecca Mancuso ("Plaintiffs"), responded in opposition.

## I. FACTS

According to the Complaint, Plaintiffs are Florida citizens who reside in Clarksville, Tennessee, due to Frank Mancuso's active military service and his assignment to Fort Campbell, Kentucky. Beginning in July 2003, Plaintiffs enrolled their infant daughter in Defendant's daycare.

On the morning of November 20, 2004, Angela Mancuso left her eighteen-month old child at Defendant's daycare, intending to

1

return to pick up the child around 2:15 p.m. The child was healthy and did not have any pre-existing medical conditions. At approximately 2:00 p.m., Defendant notified Montgomery County Emergency Services that the child was choking and emergency services were necessary. At 2:03 p.m., an off-duty employee of Montgomery County Emergency Services arrived at Defendant's daycare to render assistance. He noticed the child appeared to have a lowered body temperature and was not responding. Defendant stated the child had been unresponsive for ten minutes. Upon arrival at the hospital at around 2:20 p.m., the child's body temperature registered 95 degrees. Defendant contacted Angela Mancuso by telephone at approximately 2:10 p.m., and told her the child had choked on toast and was being taken to the emergency room. Upon arrival at the hospital, Angela Mancuso learned her child was dead.

Plaintiffs brought this wrongful death action alleging that Defendant failed properly to monitor, supervise and care for the minor child, that Defendant negligently left the minor child unattended for a period of time when it was foreseeable that the child could face injury or death if not properly supervised, that Defendant negligently entrusted the care of the child to an individual who was not properly trained, experienced, or otherwise responsible for the care of the child, and that Defendant's negligence, carelessness and recklessness caused the injuries which resulted in the child's death. Plaintiffs also assert *res ipsa loquitur* as a basis for recovery. Plaintiffs seek $2.5 million in damages.

Defendant now moves to dismiss the Complaint under Rule 12(b)(1) on the ground that the parties are not of diverse citizenship and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. In opposition, Plaintiffs provide the Affidavits of Frank and Angela Mancuso.

Frank Mancuso attests that he was born in New York in 1966. He enlisted in the United States Army in 1990 as a resident of the State of Florida. Since his enlistment, he has been assigned to Fort Rucker, Alabama, Barbers Point, Hawaii, Fort Bragg, North Carolina, and Fort Campbell, Kentucky. He resides in the State of Tennessee because of his military orders, and he does not currently, nor has he ever, maintained a domicile in the State of Tennessee. His military records reflect that his legal domicile is the State of Florida. (Docket Entry No. 23-3, F. Mancuso Aff. ¶¶ 1-5.)

Angela Mancuso attests that she was born in Georgia in 1969. After marriage, she accompanied Frank Mancuso to his military assignments in Hawaii, North Carolina, and Kentucky. She resides in the State of Tennessee only because of her husband's military orders, and she does not intend to make Tennessee her permanent domicile. She expects to relocate with her husband if he receives military orders of reassignment. (Docket Entry No. 23-2, A. Mancuso Aff. ¶¶ 1-2, 4-5.)

## II. STANDARD OF REVIEW

When a Rule 12(b)(1) motion to dismiss challenges the factual basis for jurisdiction, as here, the Court must weigh the evidence,

3

and the Plaintiffs have the burden to prove the Court has jurisdiction over the subject matter. Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

### III. ANALYSIS

Title 28 U.S.C. § 1332(c) provides:

> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent person shall be deemed to be a citizen only of the same State as the infant or incompetent.

The citizenship of a natural person is equated with his domicile. Certain Interested Underwriters at Lloyd's v. Layne, 26 F.3d 39, 41 (6th Cir. 1994).

Plaintiffs have brought suit for wrongful death as the legal representatives of their deceased minor daughter. Under Tennessee law, only one right of action exists: the action that the decedent would have had, absent death, against the negligent wrongdoer. Ki v. State, 78 S.W.3d 876, 879-880 (Tenn. 2002). The survivors assert only the decedent's right of action on behalf of the decedent. Id. Thus, the starting point of the Court's analysis under § 1332(c)(2) is the decedent's citizenship or domicile.

The domicile of a minor child "is controlled by his parents, or by the person who is charged with the legal care and custody of him." McElhaney v. Chipman, 647 S.W.2d 643, 644 (Tenn. Ct. App. 1982). A minor child does not have the capacity to change her domicile on her own. Id. Thus, the Court must determine the domicile of the Plaintiffs, the decedent's parents.

4

Tennessee law recognizes that a person retains his domicile until he establishes a new one. Id. "There must be a concurrence of actual change of residence and the intention to abandon the old and acquire a new domicile." Sturdavant v. Sturdavant, 189 S.W.2d 410, 411 (Tenn. Ct. App. 1944), *overruled on other grounds*, Baggett v. Baggett, 541 S.W.2d 407, 411 (Tenn. 1976). The domicile of a soldier "generally remains unchanged, domicile being neither gained nor lost by being temporarily stationed in the line of duty at a particular place, even for a period of years, and even though he establishes his family where he is stationed."[1] Id. at 412; Tyborowski v. Tyborowski, 192 S.W.2d 231, 232 (Tenn. Ct. App. 1945) (observing soldier stationed in Tennessee was compelled to live in state, not by his own choice).

The evidence before the Court establishes that Plaintiff Frank Mancuso is domiciled in Florida, even though he currently resides in Tennessee because of military service. Angela Mancuso's Affidavit does not expressly confirm that she was ever domiciled in Florida, although it seems likely she may have been; in any event she is a Georgia native and she is not domiciled in Tennessee. The Court thus concludes that there is complete diversity between

---

[1] Florida law is similar in that "'[t]he domicile of someone in military service does not change to the place where he is stationed nor does it shift every time the person is transferred to another base.'" Trezza v. State Farm Mut. Auto. Ins. Co., 519 So.2d 649, (Fla. Dist. Ct. App. 1988). "Absent a manifest intention to change residence, a person in the military remains a resident of his former address." Id.

5

Plaintiffs and Defendant, even though the minor child lived most, if not all, of her life in Tennessee.

This result is not changed by <u>Yeubanks v. Methodist Healthcare Memphis Hosp.</u>, 227 F. Supp.2d 934 (W.D. Tenn. 2002), on which Defendant relies. The analysis in <u>Yeubanks</u> is identical to the analysis the Court follows here. The result can be distinguished, however, on its facts.

In that wrongful death case, the plaintiff and her deceased minor daughter were *domiciled* in western Tennessee at the time a car accident took the child's life. <u>Id.</u> at 935-936. After the accident, the plaintiff moved to Mississippi and filed a wrongful death suit in Tennessee federal court alleging the existence of diversity jurisdiction. <u>Id.</u> at 936.

The district court held it lacked subject matter jurisdiction and dismissed the case. <u>Id.</u> at 936-938. Under § 1332(c)(2) and Tennessee law, the deceased child, at the time of her death, shared her mother's domicile, which was Tennessee. <u>Id.</u> The Defendant was also domiciled in Tennessee. Under state law, the wrongful death action was brought by the mother on behalf of the deceased child. <u>Ki</u>, 78 S.W.3d at 879-880. Therefore, because the parties were not diverse, the court lacked jurisdiction to proceed.

By contrast, in this case the deceased child at the time of her death shared her father's (if not both her parents') Florida domicile. <u>See</u> <u>McElhaney</u>, 647 S.W.2d at 644. Defendant has not presented any evidence to show that Plaintiffs are domiciled in Tennessee. Therefore, diversity of citizenship between the instant

6

parties does exist, whereas in <u>Yeubanks</u> it did not.  The Court has subject matter jurisdiction to proceed.

### IV.   CONCLUSION

The evidence establishes in this wrongful death action that the decedent shared the Florida domicile of her father (and perhaps both parents).  Because there is diversity of citizenship between Plaintiffs and Defendant, the action is properly brought in this federal court.  Accordingly, Defendant's Motion to Dismiss (Docket Entry No. 19) under Rule 12(b)(1) for lack of subject matter jurisdiction will be DENIED.

An appropriate Order will be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE